**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                           PLAINTIFF

v.                                    No. 4:06CR00053-06 JLH

AMJAD MUTIE KATTOM                                                                                   DEFENDANT

**ORDER**

Amjad Mutie Kattom has filed a motion for a reduction in his sentence and early termination of his probation. Early termination of probation is governed by 18 U.S.C. § 3564(c), which provides:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

Kattom entered a guilty plea to two counts of structuring financial transactions to evade reporting requirements in violation of 31 U.S.C. §§ 5324(a)(1), 5324(a)(3), and 5325, as well as 18 U.S.C. § 2. The crimes to which he entered a guilty plea were Class D felonies. The Court sentenced Kattom to a term of three years of probation with a special condition of home detention for a term of one month with the use of electronic monitoring, and a fine in the amount of $2,000.

In his motion, Kattom says that he has complied with the terms of his probation and has paid in full all of his fines and special assessments. He says that early release would serve the ends of justice, and any other action would create an unnecessary hardship for him, but he does not explain why the early termination would serve the ends of justice, nor what hardships would be created if the probation were not terminated early.

Kattom's period of probation began on March 6, 2008, and is therefore due to expire on March 5, 2011. At the time of the sentencing, the Court concluded that a term of probation of three years was sufficient but not greater than necessary to comply with the purposes set forth in paragraph 2 of section 3553(a). Kattom has presented nothing in his motion to show that circumstances have changed. He has presented nothing to explain why the ends of justice justify a sentence lower than that determined by the Court at sentencing to be sufficient but not greater than necessary to comply with the purposes in section 3553(a)(2). He has presented nothing to show that completion of his term of probation will present some unusual hardship.

Mere compliance with the terms of probation does not justify early termination because compliance is expected. Without more, early termination cannot be justified. *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003).

Kattom's motion for a reduction of sentence and early termination of probation is DENIED. Document #212.

IT IS SO ORDERED this 10th day of November, 2009.

*J. Leon Holmes*
───────────────────────
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE